UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DUSTY D. DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 4:16-cv-00196-TAB-RLY |
| NANCY A. BERRYHILL Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

## **ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF REQUEST FOR REVIEW**

### I. Introduction

The deciding issue in this Social Security appeal is whether the Administrative Law Judge adequately supported his conclusion that Plaintiff Dusty Davis's condition did not medically equal any listing. The Court's role is not to second-guess an ALJ's determination—especially on close calls. By the same token, however, the Court cannot make factual determinations for the ALJ. As explained below, the Court finds that the ALJ failed to adequately address medical equivalence and grants Plaintiff's request for remand [Filing No. 17] under sentence four of 42 U.S.C. § 405(g) for further consideration.

Plaintiff also argues that the ALJ failed to consider Plaintiff's alleged obesity, erred in weighing medical sources and assessing Plaintiff's credibility, and was overly selective in citing evidence to support his residual functional capacity conclusion without addressing evidence that favored Plaintiff. On remand, the ALJ should reconsider these issues in light of Plaintiff's arguments and changes the Social Security Administration made while this appeal was pending.

## II. Background

In November 2013, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income claiming he had been disabled since December 2011, due to kidney disease and gouty arthropathy. Plaintiff claimed total disability because he allegedly suffered nausea and vomiting for two to three hours each morning, his legs swelled and hurt if he went too long without elevating them, and his wrists and hands hurt, all of which prevented him from working.

At step one, the ALJ found that Plaintiff did not have substantial gainful employment for the relevant period. In the second step, the ALJ found that Plaintiff had severe impairments, chronic kidney disease and gouty arthropathy. Plaintiff claims that he also had obesity.[1]

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any listing under 20 C.F.R. § Pt. 404, Subpart P, App. 1. Though the ALJ explained that the evidence did not show Plaintiff met any listing, the only mention of equivalence in his decision was in the relevant subsection's heading. The hearing transcript shows that the ALJ asked Dr. Lee Fischer his opinion regarding the listings, and Dr. Fischer opined that Plaintiff did not "meet or equal any of the listings." [Filing No. 14-2, at ECF p. 35, R. at 34.] Dr. Fischer was the only physician to testify about the listings at the hearing. However, the ALJ only referenced Dr. Fischer in regard to Plaintiff's RFC.

In his step four discussion, the ALJ found that Plaintiff was not able to perform any past relevant work as a saw supervisor. However, proceeding to step five, the ALJ found that Plaintiff was not disabled because he can perform unskilled or semi-skilled sedentary work, such as surveillance service systems monitor, coupon counter, or order clerk.

---

[1] The record shows that Plaintiff was diagnosed with obesity [Filing No. 14-9 at ECF p. 4, R. at 356], and Plaintiff lists obesity in his complaint to the ALJ. [Filing No. 14-6 at ECF p. 59, R. at 228.] However, obesity was not addressed at the hearing or in the ALJ's decision.

Though he found Plaintiff had severe impairments, the ALJ concluded Plaintiff's claimed symptoms had not been shown. Rather, Plaintiff had the RFC to perform limited sedentary work. The ALJ discounted Plaintiff's testimony, finding his "statements concerning the intensity, persistence, and limiting effects of [his] symptoms not entirely credible," citing specific medical appointments in which Plaintiff failed to mention symptoms. [Filing No. 14-2, at ECF p. 20–21, R. at 19–20.] The ALJ concluded that Plaintiff's RFC allowed him to "occasionally and frequently lift, carry, push, and pull ten pounds," "stand and walk two hours of an eight-hour day," and "sit for six hours of an eight-hour workday." [Filing No. 14-2, at ECF p. 20, R. at 19.]

### III. Discussion

The Court must uphold the ALJ's decision if substantial evidence supports her findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The ALJ is obliged to consider all relevant medical evidence and cannot cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore v. Colvin,* 743 F.3d 1118, 1123 (7th Cir. 2014). The ALJ, however, need not mention every piece of evidence, so long as she builds a logical bridge from the evidence to her conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

#### a. Medical Equivalency

Plaintiff contends that the ALJ failed to properly consider and analyze whether Plaintiff's impairments medically equaled the relevant listings. The Commissioner argues that the ALJ did not err because demonstrating equivalence is Plaintiff's burden and Plaintiff did not cite sources that show medical equivalence. However, the claimant's burden is merely to produce evidence in support of the claim, not to prove equivalence. See *Eichstadt v. Astrue*, 534 F.3d 663, 668 (7th

3

Cir. 2008). Here, Plaintiff cites evidence in the record that could weigh in favor of an equivalence finding, which satisfies his production burden.[2]

ALJs are ultimately responsible for determining medical equivalence. 20 C.F.R. § 404.1526(e)(3). Here, the ALJ did not state his conclusion outside of the bolded, numbered heading introducing his step-three analysis, and he provided no analysis or discussion. [Filing No. 14-2, at ECF p. 19, R. at 18.] The Commissioner argues any error in failing to expressly explain his reasoning is harmless. This argument is unpersuasive.

Citing *Scheck v. Barnhart*, 357 F.3d 697, 701 (7th Cir. 2004), the Commissioner argues that the ALJ need not articulate his reasons for accepting an unopposed medical opinion when determining medical equivalence. The hearing transcript shows that Dr. Fischer provided an opinion as to equivalence, and no other medical source expressly offered an equivalence opinion.[3] However, unlike *Scheck*, the ALJ did not indicate that he accepted Dr. Fischer's opinion regarding medical equivalence.

To remedy this deficiency, the Commissioner relies on a footnote in *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004), for the proposition that the ALJ's decision must be read as a whole. From *Rice*, the Commissioner argues syllogistically that by giving "greater weight" to

---

[2] The Commissioner asserts that Plaintiff waived his equivalence argument because it is "wholly speculative and undeveloped." [Filing No. 22, at ECF p. 8.] While "[j]udges are not like pigs, hunting for truffles buried in briefs," *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991), Plaintiff's argument is straight forward and not so skeletal as to result in waiver.
[3] Whether Dr. Fischer reviewed the proper listings is not clear. At the hearing, Dr. Fischer stated that he considered listing "6.02, which is the chronic renal disease listing." [Filing No. 14-2, at ECF p. 35, R. at 34.] There is no listing 6.02, but listing 6.03 is for "chronic kidney disease, with chronic hemodialysis or peritoneal dialysis," and listing 6.05 is for "chronic kidney disease, with impairment of kidney function." 40 C.F.R. § Pt. 404, Subpt. P, App'x 1. The ALJ specifically discussed 6.03 and 6.05 in his decision, and Plaintiff's briefing focuses on 6.05.

4

one of Dr. Fischer's opinions, the ALJ adopted all of Dr. Fischer's opinions, including on medical equivalence, so the ALJ did not need to provide analysis.

The Court disagrees. The *Rice* court added the footnote in question to say that it considered the analysis the ALJ did in step three while deciding whether the ALJ's step five analysis was sufficient. *Id.* at 370. The court stated that ALJs need not repeat substantially similar analyses in separate sections because the decision is read as a whole. *Id.* There, the facts the ALJ cited in support of finding no equivalence also supported his RFC conclusion. *Id.* at 369–70.

The analyses in question here are entirely different from each other. The ALJ cited Dr. Fischer regarding Plaintiff's alleged pain and swelling and how it affects Plaintiff's RFC, which has no relation to medical equivalency to the kidney disease listings at issue in step three. Further, that the ALJ gave Dr. Fischer's RFC opinion greater weight than another RFC medical source does not mean, as the Commissioner implies, that the ALJ gave all of Dr. Fischer's opinions "considerable weight."

Plaintiff offers some evidence to support an equivalence finding, but the ALJ provides no analysis regarding why the evidence was rejected and did not indicate on what evidence he relied in his finding. The Court cannot weigh this conflicting evidence for the ALJ. Therefore, the Court finds that the ALJ's equivalence decision is not supported by substantial evidence.

### b. Obesity and Residual Functional Capacity

Failure to consider a claimant's obesity is error, but such error is harmless when the claimant fails to explain how his or her condition is aggravated by obesity. *Mueller v. Colvin*, 524 Fed. App'x 282, 286 (7th Cir. 2013). Here, the ALJ did not analyze Plaintiff's claim of obesity or the impact of obesity on his impairments and RFC. However, the error is harmless because Plaintiff only noted his obesity diagnosis once in his brief to the ALJ and did not discuss

its effects. Nonetheless, because the decision is remanded, the ALJ should consider whether Plaintiff has obesity and take that determination into account in his analyses for steps three, four, and five.

In regard to RFC, Plaintiff makes three additional arguments: 1) the ALJ's weighing of and subsequent reliance on medical sources was improper, 2) the ALJ improperly assessed Plaintiff's credibility, and 3) the ALJ was overly selective in his review of the record by focusing on one exhibit and two medical examinations while failing to address evidence that favored Plaintiff. Because the decision is remanded for other reasons, the Court will not delve into each of these issues. However, this remand provides the ALJ with the opportunity to reconsider them. Further, the ALJ should reweigh the medical sources in accordance with the updated 20 C.F.R. § 416.920c, and reassess Plaintiff's credibility in accordance with Social Security Ruling 16-3p, 81 FR 14166-01, 2016 WL 1020935 (Mar. 16, 2016), which replaced SSR 96-7p, 1996 WL 374186 (Jul. 2, 1996).

## IV. Conclusion

Plaintiff has shown the ALJ erred in his step three analysis. Therefore, the Court grants Plaintiff's brief in support of appeal. [Filing No. 17.] The decision is remanded under sentence four of 42 U.S.C. § 405(g) for further consideration, consistent with this opinion.

Date: 10/06/2017

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.