UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

DUSTY D. DAVIS, )
)
        Plaintiff, )
)
        v. ) No. 4:16-cv-00196-TAB-RLY
)
NANCY A. BERRYHILL Acting Commissioner )
of Social Security, )
)
        Defendant. )

**ORDER DENYING RULE 59(e) MOTION**

The Court issued an opinion [Filing No. 24] and entered a final judgment [Filing No. 25] in this Social Security appeal, ordering the case remanded to the Administrative Law Judge. The Court found that the ALJ erred in his step three analysis by inadequately addressing medical equivalence. [Filing No. 24, at ECF p. 1.] The Court further noted other issues with the decision that could also be addressed on remand. [*Id.* at 5–6.] However, the Commissioner filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

Reconsideration under Rule 59(e) allows courts an opportunity to correct "manifest error of law or fact" or to consider newly discovered evidence.[1] *Cincinnati Life Ins. Co. v. Beyer*, 722 F.3d 939, 955 (7th Cir. 2013). It is not a second chance for parties to make their arguments. *Hutcherson v. Krispy Kreme Doughnut Corp.*, 803 F. Supp. 2d 952, 956 (S.D. Ind. 2011). As explained below, the Commissioner's arguments either re-hash the arguments already considered or fail to show manifest error. Therefore, the Court denies the Commissioner's motion. [Filing No. 27.]

---

[1] The Commissioner does not present any newly discovered evidence.

The Commissioner first argues that Plaintiff failed to present a "valid equivalency argument." [Filing No. 27, at ECF p. 4.] The Commissioner asserts that the evidence to which Plaintiff points does not establish equivalency because it does not show "other findings" beyond the criteria in the listing. [Filing No. 27, at ECF p. 3–4 (citing 20 C.F.R § 404.1526(b)(1); SSR 83-19, 1983 WL 31248, at *2 (Jan. 1, 1983)).] The Court responded to this argument in its opinion: "However, the claimant's burden is merely to produce evidence in support of the claim, not to prove equivalence." [Filing No. 24, at ECF p. 3.] By showing some evidence, Plaintiff met this burden and was entitled to an equivalency finding.

The Commissioner argues that Plaintiff failed to offer a medical opinion to contradict the opinions of Drs. Sands, Brill, and Fischer, as required by *Stewart v. Bowen*, 858 F.2d 1295, 1299 (7th Cir. 1988). This argument misses the point. As discussed in the Court's opinion and below, the ALJ never adopted the opinions. [Filing No. 24, at ECF p. 4.] Thus, Plaintiff was not required to offer a contradictory medical opinion. Plaintiff offered some medical evidence that should have alerted the ALJ that equivalence analysis was necessary, but the ALJ failed to provide any.

Next, the Commissioner again argues that "the ALJ afforded 'considerable weight' to Dr. Fischer's" residual functional capacity opinion, and, therefore, the ALJ must have given the same weight to all of Dr. Fischer's other opinions. [Filing No. 27, at ECF p. 5.] The Court rejected this argument. [Filing No. 24, at ECF pp. 4–5.] The Commissioner's Rule 59(e) motion adds new detail. The Commissioner points to language in which the ALJ concluded that Dr. Fischer's RFC opinion is consistent with the record as a whole. However, the Commissioner does not point to any language in the decision suggesting Dr. Fischer's equivalency opinion was consistent with the record as a whole.

ALJs are free to give different weights to different opinions offered by the same medical source. *See*, *e.g.*, *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008). In *Elder*, the court rejected as meritless the argument that affording a medical source "substantial weight" for one opinion required the ALJ to also afford "substantial weight" to the medical source's other opinions. *Id.* Therefore, taking a commonsensical view, the Court cannot assume that the ALJ would have adopted Dr. Fischer's equivalency opinion.

The Commissioner next argues that the ALJ must have afforded Dr. Fischer's equivalency opinion considerable weight because the ALJ could not have continued his analysis beyond step three without making a determination. After all, the Commissioner argues, if the ALJ had found equivalence, the ALJ would have stopped his analysis and found Plaintiff to be disabled. This is a dangerous assumption that the Court is not prepared to make. Without any discussion of equivalency, the Court cannot know if the ALJ forgot to mention his analysis or forgot to do an analysis altogether. While the Court does not assume the worst, it cannot assume the best either.

The Commissioner closes by arguing that any error in failing to articulate medical equivalence analysis was harmless. Specifically, the Commissioner argues that Drs. Fischer, Brill, and Sands offered equivalency opinions, and the ALJ will "simply explain that he relied upon these uncontroverted opinions in his step three analysis." [Filing No. 27, at ECF p. 9.] As explained above, the Court cannot make this assumption. "[W]ithout any analysis from the ALJ, there is no basis for drawing any conclusions about what evidence he considered or overlooked." *Thomas v. Colvin*, 826 F.3d 953, 959 (7th Cir. 2016). Conjecture that the ALJ would reach one result "invokes an overly broad conception of harmless error." *Id.*

Rather than showing manifest error, the Commissioner largely re-hashes arguments that the Court has already considered and rejected. The Commissioner's motion supplements her earlier arguments and cites additional cases, but it fails to show manifest error. Therefore, the Court denies her Rule 59(e) motion. [Filing No. 27.]

Date: 12/21/2017

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.

4