UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DUSTY D. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-00196-TAB-RLY |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S PETITION FOR ATTORNEYS' FEES**

At issue is Plaintiff Dusty Davis's petition for $13,300 in attorneys' fees under the Equal Access to Justice Act for prevailing in a Social Security disability appeal. [Filing No. 30.] The Commissioner opposes the motion, arguing her position was substantially justified, and that, if fees are awarded, they should be paid to Davis—not directly to his attorney. In light of the fact that the ALJ failed to provide any analysis in support of his step three equivalence determination, the Commissioner's position was not substantially justified and the Court grants Davis's petition for his attorneys' fees. [Filing No. 30.] The Commissioner shall have 70 days to investigate whether Davis has outstanding debt to the government, after which the Commissioner is to pay the fee award directly to Davis's counsel.

EAJA requires the Court to award timely-requested attorneys' fees to an eligible, prevailing plaintiff when the government's position was not "substantially justified" and no "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A)–(B); *see Conrad v. Barnhart*, 434 F.3d 987, 989 (7th Cir. 2006). Davis is an eligible, prevailing party who timely requested attorneys' fees and no special circumstances are alleged. The only question then, is whether the Commissioner's position was substantially justified.

The Commissioner has the burden to prove her position was substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner can meet this burden by showing her position had "reasonable factual and legal bases," as well as "a reasonable connection between the facts and her legal theory." *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). And she must show this reasonable basis existed before and during the litigation. *Id.* However, that does not mean prevailing parties automatically recover attorneys' fees. *See Potdar v. Holder*, 585 F.3d 317, 319 (7th Cir. 2009). After all, a position may be substantially justified even if the ALJ's decision "turn[ed] out to be completely wrong" or "offer[ed] merely a cursory and inadequate analysis of an important point." *Bassett v. Astrue*, 641 F.3d 857, 859–60 (7th Cir. 2011). For example, an ALJ's failure to connect all the dots may be erroneous and require remand but still be a reasonable interpretation of the facts and law. *Id.* Rather, "it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's point unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *Id.* at 860. In the end, the question of substantial justification is left to the discretion of the district court. *Id.* at 859.

The Commissioner argues the ALJ's error was merely in failing to properly articulate the support for his conclusion. She contends this case is one where "[t]he medical evidence supports the ALJ's decision, although he did fail to adequately explain the connection." [Filing No. 32, at ECF p. 3 (quoting *Cunningham*, 440 F.3d at 865).] The Commissioner then points to record facts that could have supported the ALJ's conclusion had he pointed to them. However, the ALJ's error was more egregious than the Commissioner suggests. But for a (likely boilerplate) heading that included an equivalence conclusion, the ALJ's decision entirely omitted any discussion of medical equivalence. As the Court noted, "Without any discussion of equivalency,

2

the Court cannot know if the ALJ forgot to mention his analysis or forgot to do an analysis altogether. While the Court does not assume the worst, it cannot assume the best either." [Filing No. 29, at ECF p. 3.] Further, there was no discussion of the conflicting evidence. This cannot be brushed aside as poor, yet reasonable, articulation.

The Commissioner's attempt to rectify the omission by noting that ALJs' decisions are to be read as a whole fails. She argues that she "reasonably relied on case law holding that an ALJ's discussion of medical opinion evidence later in his decision is sufficient to articulate his step three rationale." [Filing No. 32, at ECF p. 4.] Inexplicably, the Commissioner then cites to case law on which she *did not rely* in her memorandum in support of the Commissioner's decision.[1] [*Compare* Filing No. 22, at ECF p. 10 *with* Filing No. 32, at ECF p. 4.]

Regardless, these additional cases do not support her position. In *O'Neal v. Colvin*, No. 1:15-cv-0318-DKL-WTL, 2016 WL 1056057, at *6 n.1 (S.D. Ind. Mar. 17, 2016), the ALJ failed to refer to the reviewing psychologists' opinions within his step three analysis, but adopted the opinions in his RFC analysis. In *Covington v. Colvin*, No. 1:13-cv-00363-SEB-DKL, 2014 WL 4961153, at *6 n.8 (S.D. Ind. Sept. 29, 2014), the ALJ discussed the credibility of medical sources in his RFC analysis rather than his step three analysis. Thus, those cases stand for the proposition that it is not reversible error for pieces of the ALJ's step three analysis to have migrated to the RFC section. Here, the ALJ adopted one of Dr. Fischer's unrelated opinions in his RFC analysis, but never addressed his opinion regarding equivalence. And rather than insert a credibility analysis elsewhere in the decision, the ALJ entirely omitted any equivalence

---

[1] The Commissioner did refer to the cases in her Rule 59(e) motion for reconsideration, which was denied as a re-hash of arguments the Court already considered. [Filing No. 29, at ECF p. 1.] Further, the rulings the Commissioner cites were issued well before the Commissioner filed her memorandum in support on May 15, 2017. *O'Neal v. Colvin*, No. 1:15-cv-0318-DKL-WTL, 2016 WL 1056057 (S.D. Ind. Mar. 17, 2016); *Covington v. Colvin*, No. 1:13-cv-00363-SEB-DKL, 2014 WL 4961153 (S.D. Ind. Sept. 29, 2014).

discussion. This is not an instance where part of the ALJ's equivalence analysis better fit within the narrative form of the decision by being inserted in another section—it was not there at all.

Regarding the payment of fees, the Commissioner does not object to the amount of fees, but rather to whom they should be paid. The Commissioner argues that, regardless of any assignment, EAJA fees are subject to administrative offset if Davis has any outstanding debt to the federal government, so the fees should be paid directly to Davis. Davis requests that the Court give the Commissioner 70 days to investigate whether a debt is owed, then pay Davis's attorney directly. Davis's proposal is reasonable, and this Court has employed it before. *E.g. Staley v. Berryhill*, No. 4:15-cv-00178-TAB-RLY, 2017 WL 2181151, at *2–3 (S.D. Ind. May 18, 2017); *Orr v. Astrue*, No. 1:11-cv-01471-TWP-MJD, 2013 WL 1840471, at *3 (S.D. Ind. May 1, 2013).

Accordingly, the Court grants Davis's petition for attorneys' fees. [Filing No. 30.] Davis's counsel is awarded $13,300[2] in attorneys' fees, to be paid directly to counsel within 70 days. If during this time, the Commissioner discovers that Davis owes an outstanding debt to the government, the Commissioner must file a statement with the Court, along with supporting evidence of the debt, that the Commissioner will exercise the right to offset.

Date: 03/16/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.

---

[2] Davis's petition originally requested $12,692 [Filing No. 31, at ECF p. 13], but the Commissioner's challenge resulted in an additional 3.2 hours, amounting to an additional $608.00 in fees. [Filing No. 33, at ECF p. 9.] The time spent preparing the reply brief is reasonable given the complexity of the two issues presented.