UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| DUSTY D. DAVIS, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-cv-00196-TAB-RLY |
| | ) |
| NANCY A. BERRYHILL Deputy Commissioner of Operations (SSA), | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO AMEND**

The Deputy Commissioner has filed her second Rule 59(e) motion in this Social Security appeal. This time, she argues the Court erred in permitting her 70 days to investigate whether Plaintiff Dusty Davis has an outstanding debt to the government and directly pay Davis's counsel the EAJA fees, less any debt owed by Davis. [Filing No. 35, at ECF p. 3 (quoting Filing No. 34, at ECF p. 4).] The Deputy Commissioner argues first that, if Davis owes a debt, she cannot pay Davis's counsel directly, and second that a 70-day deadline would be difficult for her to meet.

The Deputy Commissioner fails to show grounds for an amendment under Rule 59(e), and the Court denies her motion. [Filing No. 35.] "[T]o prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyer*, 722 F.3d 939, 955 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 589 (7th Cir. 2012)).

As Davis points out, the Deputy Commissioner does not argue that the Court made an error of law or fact or that there is newly discovered evidence. Rather, the Deputy Commissioner contends that the order may conflict with the government's payment procedure.

The Deputy Commissioner points to a Bureau of Fiscal Service document written in 2014 to say that, if the claimant in fact owes a debt, the EAJA fees cannot be split between the debt and a payment to the claimant's counsel. [Filing No. 35, at ECF p. 3 (quoting Bureau of the Fiscal Service, *Overview of the Centralized Offset of Payments Representing Reimbursement of Attorney's Fees and Costs Under the Equal Access to Justice Act* 6 (2014), available at https://fiscal.treasury.gov/fsservices/gov/debtColl/pdf/top/EAJA_Offset.pdf).] Not only does this argument fail to clearly establish that the Court made a manifest error or that new evidence precludes the judgment, it is a mere hypothetical: the Deputy Commissioner may not be able to comply with the order if the as yet undone debt inquiry reveals that Davis owes a debt. Should the hypothetical come to pass, the argument may be appropriate for a motion for relief from judgment. However, it is not appropriate for a Rule 59(e) motion.

The Deputy Commissioner next argues that there was "no reason to impose a 70-day payment requirement in this case." [Filing No. 35, at ECF p. 4.] Again, the Deputy Commissioner fails to argue the deadline was manifest error. The Deputy Commissioner merely notes that EAJA does not contain that deadline, and posits—without offering any support—that the May 29, 2018, deadline would be difficult for her to meet. Davis asked for the deadline in his motion for fees, and the Deputy Commissioner had the opportunity to respond, but did not. [*See* Filing No. 32, at ECF pp. 6–7.] The Court found the requested deadline to be reasonable [Filing No. 34, at ECF p. 4], and the Deputy Commissioner fails to show that finding was manifest error.

Therefore, the Court denies the Deputy Commissioner's motion. [Filing No. 35.] However, given the proximity of this order to the impending deadline for the Deputy

Commissioner to complete her inquiry and pay Davis's counsel, the Court extends the deadline by seven days to June 5, 2018.

Date: 5/23/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.